## LÓPEZ *v.* VALDESPINO.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 34.—Resuelto en abril 22, 1904.

MATRIMONIO.—Los contrayentes de matrimonio tienen el derecho de elegir el juez que ha de autorizar el contrato matrimonial, sin que sea necesario que actúe en tales casos el Juez del domicilio de cualquiera de ellos.

ID.—El Código Civil de 1889 no prohibe a los católicos contraer matrimonio civil, habiendo establecido simplemente dos formas de unión matrimonial: la canónica para los católicos, y la civil, regulada por el mismo código, para todos los que quisieran contraerlo, fueran católicos, o prosélitos de otros cultos.

ID.—COACCIÓN.—El hecho de que una parte se vea obligada a contraer matrimonio para evadir determinadas responsabilidades criminales que pudieran exigírsele si no lo hiciere, no constituye la coacción que como causa de nulidad del matrimonio establece el Código Civil de 1889.

ID.—ERROR.—El error que como causa de nulidad del matrimonio señala el Código
　　　Civil de 1889, se refiere a error en la persona, que vicie el consentimiento, (*)
　　　mas no a un estado puramente accidental de la persona del otro contrayente.

COSTAS.—Las costas deben imponerse a la parte cuyas pretensiones sean desesti-
　　　madas en absoluto.

### EXPOSICIÓN DEL CASO.

En el juicio seguido en el Tribunal de Distrito de San
Juan sobre nulidad de matrimonio, entre partes, de la una,
Adriano T. López Nussa, como demandante, al que ha repre-
sentado ante esta Corte Suprema el Letrado Don Jacinto
Texidor, y de la otra Doña María Luisa Valdespino, como
demandada, no habiéndose mostrado parte en este tribunal, y
el honorable Assistant Attorney General representando a
El Pueblo de Puerto Rico como es usual en asuntos de esta
índole, por el interés público; cuyo juicio pende ante nos a
virtud de recurso de apelación interpuesto por Adriano T.
López Nussa contra la sentencia dictada por el referido tri-
bunal, que copiada literalmente dice así:

"*Sentencia:* en la ciudad de San Juan de Puerto Rico, a los 14
días del mes de marzo de 1903.

"Visto en juicio oral y público en esta corte de distrito el pleito
seguido entre D. Adriano T. López Nussa, mayor de edad, domiciliado
en San Juan y de profesión editor, como demandante, representado
y defendido por el Letrado Don Rafael López Landrón, y Doña
María Luisa Valdespino y Agostini, menor de edad, domiciliada en
Mayagüez y profesión doméstica, como demandada, en rebeldía pri-
meramente, y representada después por el Letrado Don Tomás Bryan,
sobre nulidad de matrimonio civil.

"1. *Resultando:* que en 7 de julio de 1899 presentó Don Adriano
T. López Nussa demanda en juicio declarativo de mayor cuantía ante
el extinguido juzgado del distrito de San Francisco de esta ciudad
contra su consorte Doña María Luisa Valdespino solicitando la decla-
ración de nulidad del matrimonio civil contraído por ambos en 28 de
de marzo de 1899, ante el juez municipal de Catedral, alegando como
fundamentos de su pretensión que ambos consortes profesaban la reli-
gión Católica y por tanto no podían contraer válidamente matrimonio

civil, sino el canónico, conforme al sistema fundamental consignado en el artículo 42 del Código Civil, no derogado por la Orden General de 17 de marzo de 1899, y a la interpretación auténtica establecida a este (*) respecto por el Gobierno Español en la Real Orden de 27 de febrero de 1875 y en la resolución de la Dirección General de Registros de 19 de junio de 1880; que el juez de Catedral no era competente para celebrar el matrimonio por no ser el del domicilio del esposo, que residía en la calle de San Francisco No. 95, dentro de la demarcación del juez de San Francisco, ni el de la esposa, residente en Mayagüez; siendo, por tanto, nulo el matrimonio celebrado por juez incompetente, a tenor de los artículos 88, 89 y 101, No. 4, del Código Civil, no derogado por la sección 15 de la Orden General citada; que el Sr. López Nussa contrajo el matrimonio bajo la presión de amenazas que le hiciera el Comandante en Jefe del Departamento, Guy V. Henry, investido de autoridad absoluta y suprema, de reducirle a prisión y perjudicarle en sus intereses, constituyendo la intimidación producida en el ánimo del actor, por las amenazas aludidas, un nuevo motivo de nulidad a tenor del artículo 101, No. 2, del Código Civil; y finalmente, que el matrimonio fué contraído por la creencia del esposo de que la Srta. Valdespino se encontraba herida de súbito por un mal incurable sujeta a una muerte próxima, sin posible remedio, creencia errónea a que le indujo una certificación médica que le presentó la demandada, en la cual el Dr. Don Eliseo Font y Guillot afirmaba que dicha joven pedecía de un esteno-cardia, idiopática, con accesiones intercurrentes, hallándose en la fecha de dicha certificación (27 de marzo) víspera del matrimonio, bajo la influencia paraxística de aquellos accesos, siendo tal error un nuevo motivo que, viciando el consentimiento otorgado por el esposo para la celebración del acto matrimonial, debe producir la nulidad del mismo, conforme al citado artículo y número.

"2. *Resultando:* que dado traslado de la demanda a la demandada y al Ministerio Fiscal con emplazamiento para personarse y contestarla, fué acusada la rebeldía a dicha demandada, dándose por contestada dicha demanda; y el Ministerio Fiscal evacuó el traslado sin oponerse ni allanarse a la demanda; pero reservándose el derecho de intervenir en las diligencias y actos sucesivos del pleito.

"3. *Resultando:* que el actor propuso prueba documental de testigos y pericial, sin que la demandada propusiera prueba alguna.

"4. *Resultando:* que se unieron a los autos como prueba documental (*) del actor, dos certificaciones del alcalde de San Juan, de que

en 16 de agosto de 1900 Don Adriano T. López Nussa se encontraba empadronado en la calle de la Luna No. 29 de esta ciudad, no figurando como contribuyente; informe del alcalde de Mayagüez acerca de que la demandada, en 21 de agosto, residía en el barrio de Bateyes de Mayagüez, sin poseer bienes de fortuna, siendo su religión la Católica; informe del Tesorero de Puerto Rico de no figurar el actor en la lista de los contribuyentes por territorial o industria y comercio del distrito municipal de San Juan; certificación del Vicario de Mayagüez de que la demandada profesa la religión Católica sin constar en los archivos parroquiales que hubiera abjurado de su religión; análoga certificación a la precedente referente al actor, expedida por el cura Párroco de la Iglesia de San Francisco, de San Juan; un informe de Don Manuel Romero Haxthausen relativo a haber asistido como intérprete a una conferencia habida entre el actor, demandada, Gobernador Militar Mr. Henry y Don Emilio Gómez de Mayagüez, acerca de reparación por el actor de la honra ofendida de la demandada, pero sin recordar los términos de tal conferencia; el expediente formado con motivo del matrimonio efectuado por el juez de Catedral de actor y demandada, en el cual consta la certificación expedida por el facultativo Sr. Font y Guillot a que alude la demanda, cuya certificación fué acompañada a la solicitud que presentó el juez municipal, el Sr. López Nussa interesando que el matrimonio se celebrara en la morada de la entonces Srta. Valdespino, por no poderse trasladar al juzgado por su delicado estado de salud, haciendo constar además en la referida solicitud, el actor, que residía en la calle de San Francisco No. 95; un acta notarial otorgada por el actor ante el Notario Don Santiago R. Palmer en San Juan el 29 de marzo de 1899 bajo el No. 150, en la cual Don Saturnino Ramírez, Don José Casuela, Don Luis Villalón y Don José Hardoy Tizol relatan hechos tendentes a demostrar que después de efectuado el matrimonio del actor y la demandada, se separaron sin reunirse durante la noche, ausentándose al siguiente día la Srta. Valdespino para Mayagüez; y finalmente un documento en que el Presidente y Magistrado de la Corte Suprema de Justicia, Don José S. Quiñones y Don José C. Hernández y el Letrado Don Manuel F. Rossy, que han reconocido sus firmas, dictaminaron evacuando una consulta del General en Jefe del Departamento, Hon. Guy V. Henry, que si bien existía el deber moral de parte del Sr. López Nussa de cumplir la promesa de matrimonio hecha a la Srta. Valdespino, según indicación del General, no existía medio legal de (*) obligar a dicho señor a cumplir su promesa, pudiendo únicamente la

perjudicada querellarse criminalmente contra el actor, dictamen que aparece aprobado por el Comandante en Jefe del Departamento, ordenando se comunique al demandante. ·

"5. *Resultando:* que celebrado el juicio oral de ésta, declararon los testigos Don Santiago R. Palmer, manifestando haber asistido al otorgamiento del acta de que se ha hecho referencia, Don Francisco Goenaga manifestando que la esteno-cardia, o sea la angina de pecho idiopática, no es mortal, deduciéndose de la certificación del Dr. Font, aludida, que la Srta. Valdespino, la noche de su matrimonio, no se hallaba en peligro de muerte, y Don José Casuela deponiendo acerca de los extremos objeto del acta ameritada y respecto a constarle, por referencia del actor, la coacción a que hace mérito la demanda, ejercida por el General Henry sobre el Sr. López Nussa.

"6. *Resultando:* que terminada la prueba, el Letrado Don Jacinto Texidor, en defensa del actor, alegó lo que a su derecho convino, dándose por terminado el juicio para sentencia, que fué votada en público, con citación de las partes.

"7. *Resultando:* que en la tramitación de este juicio se han observado las formalidades legales.

"Siendo Ponente el Sr. Juez Asociado Don José Tous Soto.

"1. *Considerando:* en cuanto al motivo de nulidad fundado en la incompetencia del juez del distrito de Catedral que no está demostrado que el Sr. López Nussa residiera en la demarcación del juez municipal de San Francisco, pues la certificación del alcalde de San Juan de residir el actor en la calle de la Luna No. 29, se refiere a la fecha 16 de agosto de 1900 en que fué expedida y no a la fecha 27 de marzo de 1899 en que se efectuó el matrimonio, la manifestación que en la solicitud para contraer matrimonio hace el actor de residir en la calle de San Francisco No. 95, no está corroborada por ninguna prueba; y por otra parte, la sección 15 de la Orden General de 17 de marzo concede a los contrayentes el derecho de elegir el juez que ha de unirlos en matrimonio, sin exigir como los artículos 86 y 88 del Código Civil de 1899, que autorice el contrato matrimonial el juez (*) del domicilio de cualquiera de los cónyuges, bajo pena de nulidad, según el No. 4, del artículo 101 de dicho Código Civil.

"2. *Considerando:* en cuanto al motivo de nulidad fundado en profesar la religión Católica los contrayentes y haber contraído, sin embargo, matrimonio civil reservado para los nó Católicos, que el Código Civil de 1899 no prohibe a los Católicos contraer matrimonio civil, sino que, pura y simplemente estableció dos formas de unión matri-

monial: la canónica para los Católicos, y la civil regulada por las disposiciones del código para todos los quisieran contraerlos, Católicos o prosélitos de otros cultos, sin que sean pertinentes las citas que hace el actor a este respecto de la Real Orden de 27 de febrero de 1875 y resolución de la Dirección General de los Registros de 19 de junio de 1880, por no referirse al estado de derecho reconocido por el código en materia de matrimonio; y por otra parte, si existiere alguna duda de que los Católicos pueden contraer matrimonio civil, por la forma empleada por el artículo 42 del Código Civil al establecer que el matrimonio canónico deberán contraerlo los que profesen la religión Católica, tal duda desaparecería ante las prescripciones de los artículos 1 y 15 de la Orden General citada, el primero, al determinar que serán válidos y eficaces así los matrimonios civiles como los religiosos una vez inscritos, sin relacionar la validez del matrimonio civil con la religión de los contrayentes, y el segundo, al establecer el matrimonio civil para quienes quieran contraerlo; prescripciones en un todo de acuerdo con los preceptos constitucionales en materia de libertad religiosa.

"3. *Considerando:* en cuanto al motivo de nulidad basado en la coacción ejercida por el Comandante en Jefe del Departamento sobre el actor para compelerle contra su voluntad a unirse en matrimonio con la demandada, que la prueba documental aducida en demonstración de tal coacción, o sea la carta de los Honorables Presidente y Magistrado del Tribunal Supremo, Don José S. Quiñones y Don José C. Hernández y Abogado Don Manuel F. Rossy endosada por el General Henry, prueba más bien que el Sr. López Nussa quedó en libertad para contraer matrimonio o nó con la demandada, sujeto no obstante a las responsabilidades criminales que pudieren exigírsele mediante querella; y la demás prueba aducida, o sea el informe del intérprete Sr. Romero, nada demuestra que haga relación a la coacción alegada, y la declaración del Sr. Casuela en cuanto a este extremo, es solamente (*) por referencia del actor Sr. López Nussa, sin que le conste de propio conocimiento al testigo que el Sr. López Nussa fuere amenazado por el Gobernador Militar.

"4. *Considerando:* en cuanto al error en que se dice incurrió el Sr. López Nussa de creer a su consorte en peligro de muerte, error a que le indujo la certificación de la enfermedad que padecía ésta, expedida por el Dr. Don Eliseo Font y Guillot y bajo la influencia de cuyo error contrajo matrimonio con la demandada, que dicha certificación no podía en modo alguno inducir al demandante al mencionado error, pues en ella nada se dice de peligro de muerte, sino de

imposibilidad de compárecer al juzgado, y por otra parte, aun cuando tal error hubiera existido, no constituiría error que pudiera viciar el consentimiento y producir la nulidad del contrato matrimonial, de acuerdo con el artículo 101, No. 2 del Código Civil de 1899, por no referirse al error en la persona que exige dicho artículo y número y sí a un estado puramente accidental en la persona del otro cónyuge.

"5. *Considerando:* que la parte, cuyas pretensiones fueran desestimadas en absoluto, debe ser condenada en costas.

"*Vistos* los artículos 101, Nos. 2 y 4, 102, 103, Nos. 4, 42, 86, 88 del Código Civil, secciones 1 y 15 de la Orden General de 17 de marzo de 1899, artículos 371 de la Ley de Enjuiciamiento Civil y 63 y 65 de la Orden General 118, serie de 1899.

"*Fallamos:* que debemos declarar y declaramos sin lugar la demanda de nulidad de matrimonio civil promovida por Don Adriano T. López Nussa contra Doña María Luisa Valdespino, con las costas al actor.

"Así, por ésta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.    Juan Morera Martínez, Frank H. Richmond, José Tous Soto."

*Resultando:* que notificada dicha sentencia al demandante, interpuso contra ella recurso de apelación que fué admitido, ordenándose que se remitieran los autos a este tribunal, previa citación y emplazamiento de las partes por el término legal, y personados el apelante y el honorable Assistant Attorney General, se dió al recurso la tramitación correspondiente, habiéndose señalado día para la vista, en la que las partes (*) personadas, por medio de sus representantes, alegaron lo conducente a sus respectivas pretensiones.

Abogado del apelante: *Sr. Texidor.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. SULZBACHER, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Vistas* las disposiciones legales que en la misma se citan.

*Fallamos* que debemos confirmar y confirmamos la sentencia que en 14 de marzo de 1903 dictó la Corte de Distrito de San Juan; y devuélvanse los autos con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y MacLeary.